## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHOICE HOTELS INTERNATIONAL, INC.,

     Plaintiff,

     v.

ASHOK PATEL and
BIRJU PATEL,

     Defendants.

Civil Action No. TDC-15-2968

## MEMORANDUM OPINION

On September 30, 2015, Choice Hotels International, Inc. ("Choice") filed an Application to Confirm Arbitration Award against Defendants. This Court dismissed the action on May 11, 2016 based on Choice's failure to articulate the jurisdictional basis for the Application and reopened the case on August 18, 2016 upon Choice's Motion for Reconsideration. On August 31, 2016, Choice filed an Amended Application to Confirm Arbitration Award against Defendants.

The award at issue is based on Defendants' alleged breach of a franchise agreement between the parties ("the Franchise Agreement"), specifically Defendants' failure to commence construction of a hotel in Virginia Beach, Virginia within 18 months of the date on which the Franchise Agreement was executed. On April 16, 2015, the arbitrator awarded Choice a total of $134,917.50, comprised of liquidated damages, accumulated interest, fees, and arbitration expenses. The award also includes interest on the liquidated damages and accumulated interest amount "at the rate of 1.5% per month or portion of a month" until paid. Award 2, Appl. Ex. 1,

ECF No. 1-4; Am. Appl. ¶ 15, ECF No. 19. Defendants did not present any evidence or participate in the arbitration proceedings.

Defendants were served with the Application to Confirm Arbitration Award on or about November 10, 2015 and the Amended Application on or about August 31, 2016, but they have not filed any response to either Application. On February 2, 2017, Choice filed an Amended Request for Entry of Default and an Amended Request for Judgment by Default ("the Motion") against Defendants. The Clerk entered a default against Defendants on February 13, 2017.

Although Defendants were served with the Motion, to date, they have not responded to it or to any other filing in this case. The Motion is now ripe for disposition, and the Court finds no hearing necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion is granted.

## DISCUSSION

In the Motion, Choice asserts that Defendants have failed to file a timely responsive pleading to its Amended Application. Thus, Choice argues that it is entitled to default judgment against Defendants in the amount of the arbitration award, post-judgment interest, and costs.

## I. Legal Standard

Under Federal Rule of Civil Procedure 55(b)(2), a default judgment after an entry of default is left to the discretion of the court. *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005). Although the United States Court of Appeals for the Fourth Circuit recognizes a "strong policy that cases be decided on their merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), a default judgment may be appropriate when a party is unresponsive, *Lawbaugh*, 359 F. Supp. 2d at 422-23 (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). When default judgment is sought with respect to an application for confirmation of an

arbitration award, the plaintiff must show that it is entitled to confirmation as a matter of law. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109-10 (2d Cir. 2006).

## II.    The Arbitration Award

The Court is satisfied that it has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332.  Choice is a Delaware corporation with its headquarters located in Rockville, Maryland. Defendants are citizens of North Carolina.  In addition, the amount in controversy is greater than the $75,000 jurisdictional minimum under 28 U.S.C. § 1332.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (2012), provides in part that:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.  If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9.  Here, the Franchise Agreement contains an arbitration clause that states that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, . . . will be sent to final and binding arbitration," and that "[j]udgment on the arbitration award may be entered in any court having jurisdiction."  Franchise Agreement ¶ 22, Appl. Ex. 2, ECF No. 1-5.  The dispute relating to the failure to construct a hotel arises under the Franchise Agreement.  Choice filed its application to confirm the award within one year of the arbitrator's decision.  The Amended Application states that the award was rendered in the State of Maryland.  The Court is therefore satisfied that the requirements of the FAA are met, such that it may review the arbitration award.

Judicial review of an arbitration award is "severely circumscribed," and, in fact, is "among the narrowest known at law because to allow full scrutiny of such awards would

3

frustrate the purpose of having arbitration at all—the quick resolution of disputes and the avoidance of the expense and delay associated with litigation." *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998) (footnote omitted). Thus, where there is a valid contract between the parties providing for arbitration, and the arbitration resolved a dispute within the scope of the arbitration clause, federal courts may vacate an arbitration award only upon a showing of one of the grounds set forth in the FAA, or if the arbitrator acted in manifest disregard of law. *Id.* Section 10 of the FAA limits review to the following grounds: (1) "the award was procured by corruption, fraud, or undue means"; (2) "there was evident partiality or misconduct" on the part of the arbitrators; (3) "the arbitrators were guilty of misconduct" by which "the rights of any party have been prejudiced"; or (4) "the arbitrators exceeded their powers." 9 U.S.C. § 10(a). A misinterpretation of a contract, or of law, does not suffice to overturn an award. *See Upshur Coals Corp. v. United Mine Workers of Am., Dist. 31*, 933 F.2d 225, 229 (4th Cir. 1991). Where an arbitration award is challenged, the party opposing the award bears the burden of proving the existence of grounds for vacating the award. *Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007).

Here, Choice alleges, and the arbitrator awarded damages for, a breach of the parties' Franchise Agreement, specifically, a failure timely to commence construction. As noted above, the Franchise Agreement provides that a claim for breach of the agreement is subject to arbitration, so the claims resolved by arbitration were within the scope of the parties' agreement. Although Defendants were served in this case and received notice of the Motion, they have failed to file an Answer to Choice's Amended Application or otherwise make a showing of any grounds for vacating the arbitration award. Nor is there anything in the record to suggest that any of the limited grounds for setting aside an arbitration award are present in this case. *See* 9

4

U.S.C. § 10(a). Accordingly, the Court will grant the Motion to the extent it seeks confirmation of the arbitrator's award of $134,917.50. Choice also asks to be awarded $400.00 in costs, presumably the filing fee for this action, which the Court will grant. *See* Fed. R. Civ. P. 54(d)(1).

To the extent that Choice also requests post-judgment interest for the time period following this Court's grant of default judgment, Choice is entitled by statute to such post-judgment interest as calculated under federal law, so the Court need not specifically award it. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any monetary judgment in a civil case recovered in a district court.").

## CONCLUSION

For the foregoing reasons, Choice's Motion, ECF No. 23, is GRANTED. The Court therefore confirms the arbitration award, enters judgment in favor of Choice and against Defendants in the amount of $134,917.50, which shall accrue post-judgment interest as specified by statute, and awards $400.00 in costs. A separate Order shall issue.

Date: May 30, 2017

THEODORE D. CHUANG
United States District Judge